NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0693n.06
Filed: September 25, 2007

No. 06-4635

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DANIEL THORNE, JR.; DANIEL THORNE, SR.; and SHARON THORNE, | ) ) ) | |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| v. | ) ) ) | SOUTHERN DISTRICT OF OHIO |
| JOHN LELLES and EDWARD KOROVIC, Steubenville Police Officers; CITY OF STEUBENVILLE, | ) ) ) | **M E M O R A N D U M  O P I N I O N** |
| Defendants-Appellants. | ) ) | |

BEFORE:     SUTTON and McKEAGUE, Circuit Judges; and FORESTER, Senior District Judge.*

**PER CURIAM.** In this 42 U.S.C. § 1983 action, plaintiffs allege that Steubenville Police Officers John Lelles and Edward Korovic violated their Fourth-Amendment rights when they seized Daniel Thorne, Jr. in his family's backyard, allegedly beat him with a Maglite flashlight, and arrested him for underage drinking. The defendants moved for summary judgment, asserting that they were protected from liability under the qualified-immunity doctrine. The district court denied the motion in part, holding that there were genuine issues of material fact on the plaintiffs' warrantless-entry,

---

*The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

excessive-force, and false-arrest claims. The defendants filed this interlocutory appeal on the warrantless-entry and false-arrest claims.

We affirm in part and reverse in part. Having had the benefit of oral argument and having carefully considered the record on appeal, we are not persuaded that a lengthy opinion is necessary. As to the plaintiffs' warrantless-entry claim against Officer Korovic, we **AFFIRM** for the reasons set forth by the district court. *Thorne v. Steubenville Police Officer*, 463 F. Supp. 2d 760, 771-74, 775-77 (S.D. Ohio 2006). On the plaintiffs' false-arrest claim against Officer Lelles, we likewise **AFFIRM** for the reasons set forth by the district court. *Id.* at 774-77. As both parties acknowledged during oral argument, however, there is no evidence in the record that Officer Lelles had any involvement in the warrantless entry of the plaintiffs' backyard, nor is there any evidence that Officer Korovic participated in the arrest of Daniel Thorne, Jr. Accordingly, we **REVERSE** the judgment of the district court on those two latter claims and **REMAND** the case for further proceedings.